IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL HILL, D.V.M., P.A. &
UNDERHILL ANIMAL CLINIC,

    Plaintiffs,               CASE NO.:

vs.

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, NATIONWIDE INSURANCE COMPANY OF AMERICA (hereinafter "NATIONWIDE"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled *Daniel Hill, D.V.M., P.A. & UNDERHILL ANIMAL CLINIC vs. NATIONWIDE INSURANCE COMPANY OF AMERICA*, Case No. 2020-CA-005021-O, where Plaintiffs filed suit against NATIONWIDE, and further states:

1. On May 12, 2020, Plaintiffs filed a Complaint against NATIONWIDE in the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2020-CA-005021-O ("the state action").

2. On May 28, 2020, NATIONWIDE was served with a Summons and copy of the Complaint in connection with the state action. Plaintiffs' Complaint asserts that NATIONWIDE breached an insurance contract issued to the Plaintiff, DANIEL HILL

D.V.M., P.A. & UNDERHILL ANIMAL CLINIC.[1] The Complaint did not state the specific amount of damages sought by Plaintiff, and only states that this is an action for damages in excess of $31,000.00, exclusive of interest, costs, and attorney's fees.

3. Pursuant to 28 U.S.C § 1446(a), a copy of all process and pleadings are attached hereto as **Composite Exhibit "2"** as follows:

    a. Civil Cover Sheet;

    b. Complaint;

    c. Plaintiff's Notice of Designation of Email Address;

    d. Plaintiff's Request to Produce;

    e. Plaintiff's Notice of Serving Interrogatories;

    f. Summons;

    g. Notice of Service of Process;

    h. Defendant's Notice of Appearance;

    i. Defendant's Answer and Affirmative Defenses;

    j. Defendant's Request for Production to Plaintiff;

    k. Defendant's Notice of Service of Interrogatories;

    l. Defendant's Notice of Service of Answers to Interrogatories;

    m. Defendant's Response to Plaintiff's Request to Produce;

    n. Defendant's Motion to Compel Discovery;

    o. Plaintiff's Notice of Serving Answers to Defendant's Interrogatories;

    p. Plaintiff's Response to Defendant's Request to Produce;

    q. Defendant's Certification and Notice of Filing Notice of Removal; and

---

[1] The Insurance Policy lists the named insured as "Underhill Animal Clinic, Daniel A. Hill, D.V.M., P.A. (*See* Insurance Policy attached as **Exhibit "1"**.

        r.    Defendant's Notice of Removal to Opposing Counsel.

4.    This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Orlando Division, the court for the district and division which embraces the state court where the removed State Action was pending, and is filed within the time provided for the removal of actions to the United States District Court. See 28 U.S.C § 1446(b).

## DIVERSITY OF CITIZENSHIP

5.    At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity between Plaintiff (citizen of Florida) on the one hand and Defendant (not a Florida citizen) on the other.

6.    A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions i.e. its 'nerve center' ").

7.    Plaintiff is listed as Daniel Hill, D.V.M., P.A. & Underhill Animal Clinic. However, Plaintiff is a Florida corporation listed as Underhill Animal Clinic, Daniel A. Hill, D.V.M., P.A. *See* Sunbiz records for Underhill Animal Clinic, Daniel A. Hill, D.V.M., P.A. attached as **Exhibit "3"**. The insurance policy that forms the basis for this action lists the named insured as Underhill Animal Clinic, Daniel A. Hill, D.V.M., P.A. *See* Policy attached as **Exhibit "1"**. Plaintiff's business is duly organized and incorporated in the State of Florida and licensed to do business in the State of Florida. *See* **Exhibit**

**"3"**. It is a corporation organized under the laws of Florida, and has its principal place of business in Orange County, Florida. *Id.* Accordingly, **Plaintiff is a citizen of Florida** for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8. NATIONWIDE is incorporated in the State of Ohio and has its principal place of business in the State of Iowa. Accordingly, at all times material to this action, NATIONWIDE is a citizen of the States of Ohio and Iowa. NATIONWIDE is not a citizen of or incorporated in the State of Florida and does not have its principal place of business in the State of Florida. At all times material to this action, NATIONWIDE has been a foreign corporation doing business in Florida. Accordingly, **NATIONWIDE is a citizen of the States of Ohio and Iowa** for purposes of determining diversity under 28 U.S.C. § 1332(c) (1).

9. Thus, complete diversity exists between the parties in accordance with 28 U.S.C. §1332.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint asserts a cause of action for a breach of contract, alleging that NATIONWIDE failed to issue full payment under its insurance policy for a Hurricane Irma loss occurring on September 11, 2017. See Complaint at ¶¶ 8, 16, 25. Plaintiff asserts that it has suffered damages as a result of the loss, along with attorney fees and costs. *See* Complaint at ¶¶ 34-36, and at page 5 ("Wherefore" Clause).

11. On or about September 8, 2020, Plaintiff submitted a settlement demand in the amount of $149,806.55.[2]  (See e-mail attached as **Exhibit "4"**).

---

[2] "As a general rule, attorney fees do not count towards the amount in controversy required for diversity jurisdiction, unless they are allowed for by statute or contract. 28 U.S.C.A. § 1332." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805 (11th Cir. 2003); *Oliva v. Geovera Specialty Ins. Co.*, No. 19-

4

12. The deductible is $63,710.00.

13. Thus, the amount in controversy is $86,096.55 in excess of Seventy-Five Thousand Dollars ($75,000.00).

14. Plaintiffs, by way of their Complaint, have demanded that they be awarded attorney's fees pursuant to Section 627.428, Fla. Stat., and legal assistant fees pursuant to Section 57.104, Fla. Stat.

15. Accordingly, the amount in controversy between Plaintiff and NATIONWIDE for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## COMPLIANCE WITH 28 U.S.C. § 1446

16. Pursuant to 28 U.S.C. § 1446(d), NATIONWIDE provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[3]

---

CV-23625, 2019 WL 4183582, at *1 (S.D. Fla. Sept. 4, 2019) (Requiring that a Defendant provide evidence to establish the amount of fees Plaintiff has accrued as of the time of the removal); *Payless Shoesource, Inc. v. Shops at Hancock, LLC*, No. 6:12-CV-618-ORL-DAB, 2012 WL 12914674, at *3 (M.D. Fla. Nov. 19, 2012) (Stating that unsubstantiated predictions of plaintiffs' attorneys' fees are not sufficient to meet the jurisdictional requirement; but when a party has presented concrete evidence of attorneys' fees, courts have considered this amount in determining if the amount in controversy requirement has been satisfied.) (Internal citations omitted).

[3] *See* **Composite Exhibit "2"**.

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
THOMAS A. KELLER, ESQ.
Florida Bar No.: 0153354
tkeller@butler.legal
THAIS PASSERIEU, ESQ.
Florida Bar No.: 1003091
tpasserieu@butler.legal
Secondary:   lfarrell@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
*Counsel for Defendant, Nationwide Insurance Company of America*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished by CM/ECF on September 30, 2020 to:

Brandon J. Tomlinson, Esq.
The Tomlinson Law Group, P.A.
300 East Oakland Park Boulevard, Suite 118
Wilton Manors, FL 33334
eservice@tlawgrp.com
btomlinson@tlawgrp.com
Attorneys for Plaintiff

_____
THAIS PASSERIEU, ESQ.